IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. PJM 04-269 |
| | * | |
| **CRAIG WEBSTER** | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Craig Webster, *pro se*, has filed second and third Motions for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) [Paper Nos. 49 and 52], which appear to be identical. These latest motions seek a reduction based on Amendment 750 to the Federal Sentencing Guidelines.

Webster's first Motion for Reduction of Sentencing Pursuant to 18 U.S.C. § 3582(c)(2) [Paper No. 38] sought a reduction under Amendment 706. It was denied because Webster had been sentenced as a career offender under U.S.S.G. §4B1.1, not under § 2D1.1(c). The denial was based on several Fourth Circuit cases, as well as cases from other circuits, that held that "career offenders do not get the benefit of the 'crack amendment.'" *See United States v. Webster*, CRIM. NO. PJM 04-269, 2010 WL 1780129, at *2 (D. Md. Apr. 30, 2010).

Like Amendment 706, Amendment 750 revised the offense levels applicable to certain cocaine base quantities under U.S.S.G. § 2D1.1(c). While Webster's latest motions acknowledge the earlier denial of his first motion, he suggests that Amendment 750 and *Dillon v. United States*, 130 S. Ct. 2683 (2010) and *Freeman v. United States*, 131 S. Ct. 2685 (2011) "call into question the decisions of the Courts of Appeals," which he argues was the basis of the earlier denial of his crack motion was based. He argues that his sentence was actually "based on" the sentencing range in 2D1.1, and Amendment 750 does not explicitly prohibit career offenders

from seeking relief. He also says that because the offense level under the career offender provision is determined by the maximum authorized sentence under the statute of conviction, he is eligible to receive the benefit of the crack amendment. The Court disagrees.

Rather than call into question the earlier decisions the Court relied on in denying Webster's first motion, the Commentary to Amendment 750 has clarified that

> not all crack cocaine offenders . . .will receive a lower sentence as a result of the change to the Drug Quantity Table . . . [some] offenders are sentenced pursuant to §§ 4B1.1 (Career Offender) and 4B1.4 (Armed Career Criminal), which result in sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table.

U.S.S.G. App. C, Amend. 750 (2011); *see also United States v. Quarles*, 889 F.Supp.2d 783, 787 (E.D. Va. 2012) (noting that with Amendment 750 and 759, "the Sentencing Commission clarified that when a defendant is a career offender, the career offender range is the 'applicable guidelines range' for sentencing purposes."). Further, neither *Dillon*, 130 S. Ct. 2683, nor *Freeman*, 131 S. Ct. 2685, address whether a defendant sentenced as a career offender is eligible for a reduction, and as such, they are inapposite.

For the same reasons he was ineligible for a reduction under Amendment 706, he is not eligible under Amendment 750. *See, e.g., United States v. Oliea*, 506 F. App'x 523, 524 (7th Cir. 2013) (denying § 3582(c) (2) motion under Amendment 750 for the same reason it was denied under Amendment 706: because defendant had been sentenced as a career offender). Webster's sentence was based on U.S.S.G. §4B1.1, which Amendment 750 makes clear it does not affect. Accordingly, the motions under 18 U.S.C. § 3582(c)(2) will be denied.

Whether Webster was properly sentenced as a career offender is better addressed by way of collateral challenge than by a 18 U.S.C. § 3582-based Motion. The Federal Public Defender's Motion to Appoint Counsel to file a § 2255 motion on his behalf has been granted. If a

successive petition by Webster is authorized by the Fourth Circuit, this Court will address the issue at that time. Until then, because he was not sentenced under the crack guidelines, Webster is not eligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582 Motion.

His pending Motions will therefore be denied.

A separate Order will issue.

May 19, 2014

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE