# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | * Crim. No. **PJM 04-0269** |
| | * |
| **CRAIG WEBSTER,** *pro se* | * |
| Petitioner | * |

## MEMORANDUM OPINION

Craig Webster, *pro se*, has filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c), relying on Amendment 782 to the U.S. Sentencing Guidelines. ECF No. 56. The Court finds he is ineligible for a reduction pursuant to Amendment 782 because he was sentenced as a career offender. Accordingly, the Court will **DENY** his Motion.

**I.**

On June 16, 2005, Webster pled guilty to one count of Possession with Intent to Distribute 50 or More Grams of a Mixture or Substance Containing a Detectable Amount Cocaine Base in violation of 21 U.S.C. § 841(a)(1). ECF No. 21 at 1; Presentence Report at ¶ 2. At sentencing, the Court adopted the factual findings and advisory guideline applications in the Presentence Report (PSR), which established that Webster was a career offender under U.S.S.G. § 4B1.1. ECF No. 59 at 8; Presentence Report at ¶ 21. His total offense level was 34 and his criminal history was VI, producing a guideline range of 262 to 327 months in custody. ECF No.

59 at 8; Statement of Reasons at 1. The Court sentenced Webster to the low end of the guidelines range – 262 months – and 5 years of supervised release. ECF No. 59 at 16; ECF No. 21 at 2-3.

Since then, Webster has filed several Motions to Reduce and a Motion to Vacate his sentence, all of which the Court has denied.[1] On September 4, 2015, he filed the present Motion, seeking a reduction in his sentence pursuant to Amendment 782. ECF No. 56. On February 27, 2017, the Government filed its opposition to the Motion. ECF No. 65. Webster has filed no reply. Webster also filed a Motion to Appoint Counsel on April 19, 2017. ECF No. 66.

**II.**

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 782, effective November 1, 2014, reduced by two levels the base offense level in the Advisory Guidelines under § 2D1.1 for certain drug offenses. *See* U.S. Sentencing Commission, Guidelines Manual 2016, Supplement to Appendix C, Amendment 782. However, Amendment 782 did not have the effect of reducing the sentence for a career offender sentenced under § 4B1.1. That is because "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . the

---

[1] Between 2008 and 2016, Webster filed three Motions to Reduce Sentence and a Motion to Vacate. The first Motion to Reduce (ECF No. 38) was based on Amendment 706 to the Sentencing Guidelines, and the second and third Motions to Reduce (ECF Nos. 49, 52) were based on Amendment 750. The Court denied all three Motions to Reduce because Webster's sentence was "based on" a sentencing range calculated under U.S.S.G. § 4B1.1, not on § 2D1.1, so the amendments did not apply. Webster's Motion to Vacate (ECF No. 62) challenged his categorization as a career offender for sentencing purposes, but Webster subsequently voluntarily dismissed this Motion.

amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of **another guideline or statutory provision**." U.S.S.G. § 1B1.10, Application Note 1(a) (emphasis added); *United States v. France*, 637 F. Appx 733, 734 (4th Cir. 2016) (holding that "a district court lacks the authority to grant a § 3582(c)(2) motion for a reduced sentence under Amendment 782 if the defendant seeking the reduction was sentenced pursuant to the career offender Guideline").

For the same reasons he was ineligible for a sentence reduction under Amendments 706 and 750, Webster is not eligible for a reduction under Amendment 782. He was sentenced as a career offender under § 4B1.1. Section 4B1.1 operates as "another guideline" that makes Amendment 782 inapplicable to Webster.[2] U.S.S.G. § 1B1.10, Application Note 1(a); *United States v. Davis*, No. 00-0424, ECF No. 702 at 2 (D. Md. Aug. 2016). None of the exceptions to this rule apply here.[3] There is no indication from Webster's Presentence Report or any other source that he received "any downward departure from his Advisory Guidelines range based on substantial assistance to authorities." *Davis*, No. 00-0424, ECF No. 702 at 3 (D. Md. Aug. 2016). Thus, Webster does not qualify for the exception to § 1B1.10's general prohibition against

---

[2] Webster's Motions to Reduce Sentence under Amendment 750 (ECF Nos. 49, 52) argued that he was not properly sentenced as a career offender under § 4B1.1, making him eligible for a reduction. In particular, Webster argued that his second degree assault charge no longer qualified as a "crime of violence" under Fourth Circuit precedent, which removed one of the offenses necessary to establish his career offender status. *See United States v. Royal*, 731 F.3d 333, 340-42 (4th Cir. 2013). However, the Court held in that case that "whether Webster was properly sentenced as a career offender is better addressed by way of collateral challenge than by a 18 U.S.C. § 3582-based Motion." *United States v. Webster*, No. 04-269, ECF No. 53 at 2 (May 20, 2014). Webster's attorney argued in a subsequent collateral challenge under § 2255 that, pursuant to the Supreme Court's holding that the residual clause of the Armed Career Criminal Act is void for vagueness, *Johnson v. United States*, 135 S. Ct. 2551 (2015), Webster's second degree assault charge could no longer be categorized as a crime of violence under the residual clause of § 4B1.1, and that Pollard's sentence as a career offender was therefore no longer valid. *See* ECF No. 62 at 1. However, without stating any reasons, Webster's attorney thereafter filed a Notice of Dismissal of Webster's Motion to Vacate. ECF No. 67. Webster's attorney's Notice of Dismissal came shortly after – and is likely explained by – the Supreme Court's decision in *Beckles v. United States*, holding that *Johnson* does not apply to the Sentencing Guidelines. 137 S. Ct. 886, 892 (2017); *see also United States v. Lee*, 855 F.3d 244 (4th Cir. 2017).
[3] For example, a career offender may be eligible for a reduction under Amendment 782 if "the court originally had the authority to sentence the defendant below the mandatory minimum based on his substantial assistance to authorities." U.S.S.G. § 1B1.10(a), (c); *see also Davis*, No. 00-0424, ECF No. 702 at 2 (D. Md. Aug. 2016).

sentence reductions for career offenders, and is not eligible for a sentence reduction under Amendment 782.

### III.

For the above reasons, Webster's Motion to Reduce Sentence under 18 U.S.C. § 3582(c), ECF No. 56, is **DENIED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**June 29, 2017**