IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CRAIG WEBSTER,** | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil No. **PJM-18-315** |
| | * | Crim. No. **PJM 04-269** |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

*Pro se* petitioner Craig Webster has filed a Motion that the Court construes as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 71. It represents his third such Motion. The Court has considered the Motion and the Government's Opposition. For the reasons set forth below, the Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2005, Webster pled guilty to one count of Possession with Intent to Distribute 50 or more Grams of a Mixture Containing Cocaine Base, in violation of 21 U.S.C. § 841. At sentencing, the Court adopted the factual findings and advisory guidelines applications in the presentence report ("PSR") and determined that Webster was a career offender under U.S.S.G. § 4B1.1 based on prior convictions for distribution of cocaine and second degree assault. PSR at ¶ 21. The career offender designation resulted in a criminal history category VI, which, together with the Court's calculation of Webster's final offense level as 34, resulted in an advisory guideline range of 262 to 327 months. Sentencing Hr'g Tr. at 8:3-10; ECF No. 59. On September 7, 2005, the Court sentenced Webster to 262 months' imprisonment, to be followed by five years of supervised release. ECF No. 21.

1

After an unsuccessful appeal to the Fourth Circuit, *United States v. Webster*, 201 F.App'x 946 (4th Cir. 2006), and the Supreme Court, *Webster v. United States*, 549 U.S. 1139 (2007), Webster filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on May 15, 2007. ECF No. 29. On August 7, 2008, the Court denied his motion. ECF Nos. 42 & 43.

On March 10, 2014, the Federal Public Defender ("FPD") filed a Motion for Appointment of Counsel in Webster's case, suggesting that he might be eligible for relief in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *United States v. Royal*, 731 F.3d 333, 340-42 (4th Cir. 2013). ECF 50. The Court granted that motion on March 19, 2014. ECF 51.

Webster then, through the FPD, filed a request in the Fourth Circuit for authorization to file a second or successive § 2255 motion, pursuant to 28 U.S.C.A. § 2244. *In re Craig Webster*, No. 14-226. The Fourth Circuit denied the request, however, and Webster never filed a *Descamps* § 2255 motion in this Court. ECF No. 55.

On March 7, 2016, the FPD again filed a Motion for Appointment of Counsel, indicating that Webster may be eligible for relief in light of *Johnson v. United States*, 135 S.Ct. 2251 (2015). ECF No. 58. United States District Judge Blake granted the Motion on the same date. *Id.* On May 11, 2016, Webster filed an Application for Leave to File a Successive Motion under 28 U.S.C. § 2255 in the Fourth Circuit, relying on the new rule of law announced by *Johnson*. *In re Craig Webster*, No. 16-716. On June 21, 2016, the Fourth Circuit granted Webster's request and issued a Notice of Authorization. *Id.*

On June 22, 2016, Webster filed his second § 2255 motion in this Court. ECF No. 62. In that Motion, Webster argued that *Johnson*, which struck down the Armed Career Criminal Act's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague, also struck down the identical residual clause in the career offender provision of the Sentencing Guidelines (U.S.S.G.

§ 4B1.2(a)(2)). *Id.* Therefore, Webster argued, his prior conviction for Maryland second degree assault would no longer qualify him as a career offender under the Sentencing Guidelines, and his sentence should be vacated. *Id.*

Subsequently, the Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," and therefore "§ 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 890-92 (2017). As a result, Webster filed a Notice of Dismissal of 28 U.S.C. § 2255 Motion, alerting the Court that Webster was voluntarily dismissing his June 22 Motion to Vacate pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. ECF No. 67. The Court approved the Notice of Dismissal on the same day. ECF No. 68.

On January 29, 2018, Webster, *pro se*, filed the present Motion, which the Court has construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255. In it, Webster asks the Court to vacate or reduce his sentence due to, among other things, his counsel's ineffective assistance, *Johnson*, and/or changes in crack cocaine sentencing. ECF No. 71. Webster never received authorization from the Fourth Circuit to file this third Motion. On April 24, 2018, the Government filed an opposition, to which Webster has not replied.

## II. ANALYSIS

"A second or successive § 2255 motion may not be filed absent authorization to do so from the Court of Appeals." *Stockton v. United States*, 2013 WL 1345108, at *1 (D. Md. Apr. 1, 2013) (citing 28 U.S.C. § 2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997 (en banc)). "Without such authorization, the district court lacks jurisdiction to hear the claims." *Id.* (citing *United States v. Winestock*, 340 F.3d 200, 208-09 (4th Cir. 2003)).

The present Motion to Vacate is Webster's third attempt to amend his sentence pursuant to § 2255. Webster has not filed a request with the Fourth Circuit for the present § 2255 Motion, nor has he received such permission. Although Webster received permission from the Fourth Circuit to file a second or successive § 2255 motion on June 21, 2016, that authorization was based on Webster's claim that *Johnson* applied to the Sentencing Guidelines and expired on June 26, 2016. Because that authorization does not apply to the present Motion, and because Webster has not requested or received independent permission from the Fourth Circuit, this Court lacks jurisdiction over the present Motion and may not consider the merits of Webster's claims.

### III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Webster has not made the requisite showing here.

## IV. CONCLUSION

For the foregoing reasons, Webster's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 71) is **DENIED**. A Certificate of Appealability is **DENIED**.

A separate Order will **ISSUE**.


                                        /s/

                           **PETER J. MESSITTE**
                        **UNITED STATES DISTRICT JUDGE**

**May 15, 2018**